**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MICHAEL W. MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-436 TS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Michael W. Morgan, a *pro se* prisoner, has filed repeated motions seeking the Court's expeditious review of his petition for a Writ of Habeas Corpus. Even though the respondent has not yet filed a response to the order to show cause, in this case, the Court can expedite the review of the petition because it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court. Under these circumstances, the Court "must dismiss the petition." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Morgan's 28 U.S.C. § 2254 Habeas Corpus petition raises only one issue. He alleges that, before the Conduct Adjustment Board (CAB) had a hearing in his case, his right to procedural due process was violated, resulting in CAB's denial of sixty days good time credit. Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Additionally, the board

must have "some evidence" to support its decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Morgan alleges that before the CAB hearing, Lt. B. Alspaugh violated the Putnamville Correctional Facility Operational Procedures Policy when he unilaterally deprived him of his property, restricted him to sack lunches for twenty-four hours, and placed him on recreation, phone, and commissary restrictions without seeking or obtaining approval from the shift supervisor. Mr. Morgan states that Lt. B. Alspaugh is the author of the Report of Conduct on which Mr. Morgan was found guilty by the CAB. Mr. Morgan believes that because of Lt. Alspaugh's violation of the Putnamville Policy, the CAB charges should have been dismissed. He also believes that it was a constitutional violation when he was subsequently found guilty by the CAB. It was not.

Habeas Corpus relief is only available for the violation of the federal constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). The violation of the Putnamville Policy is not a basis for Habeas Corpus relief. The constitution does not require lieutenants to obtain approval of shift supervisors before imposing restrictions on the privileges otherwise enjoyed by prison inmates. Mr. Morgan was not entitled to due process before such privileges were restricted. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."). Mr. Morgan does not allege that he was denied due process by the CAB other than Lt. B. Alspaugh altering the conditions of his confinement in violation of the prison's policy.

Though Mr. Morgan believes that he was entitled to due process before the conditions of his confinement were altered, he was not. He was only entitled to due process before the duration of his confinement was altered. Though he believes that the policy violation concerning the conditions of

his confinement tainted his CAB hearing, that policy violation did not deny him due process at the CAB hearing which punished him with a sixty day loss of good time.

For the foregoing reasons, the court the court **DENIES** this petition and **DISCHARGES** the respondent from any obligation to respond to this court's order to show cause.

SO ORDERED on September 12, 2006.

                                          S/ Theresa L. Springmann
                                    THERESA L. SPRINGMANN
                                    UNITED STATES DISTRICT COURT